Chad M. Knight
Anthony M. Nicastro
Steven T. Williams
KNIGHT NICASTRO, LLC
401 North 31st Street, Suite 770
Billings, MT 59101
Email:   knight@knightnicastro.com
              nicastro@knightnicastro.com
              williams@knightnicastro.com
Telephone: (406) 702-1935
Facsimile: (303) 845-9299
**ATTORNEYS FOR DEFENDANTS**
**BNSF RAILWAY COMPANY AND JOHN SWING**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | | |
|---|---|---|
| GERRIE A. FLORES, | ) | Cause No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF REMOVAL** |
| vs. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, a | ) | |
| Delaware corporation; JOHN | ) | |
| SWING; ROBINSON | ) | |
| INSULATION COMPANY, a | ) | |
| Montana Corporation for profit; and | ) | |
| DOES A-Z, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant BNSF Railway Company ("BNSF"), by and through its undersigned counsel, submits its Notice of Removal to the United States District Court for the District of Montana, Great Falls Division, pursuant to 28 U.S.C. §§ 1332 and 1441, and states as follows:

1.      On April 18, 2017, Plaintiff (Gerrie Flores) commenced this action against BNSF in the State of Montana's Eighth Judicial District, Cascade County, Cause No. (DDV-17-0259).  A true and correct copy of the Plaintiff's Complaint and Demand for Jury Trial ("Complaint") is attached as **Exhibit A**. Plaintiff asserts a claim for relief against BNSF based upon negligence. *See* Complaint ¶¶ 15-22.  Plaintiff also asserts a claim for relief against BNSF based upon a theory of common law strict liability. *See* Complaint ¶¶ 23-28.

2.      This Court possesses diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1332 and 1441 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

**A.     Diversity of Citizenship Exists:**

3.      Diversity of citizenship exists if the controversy is between "citizens of different states." 28 U.S.C. § 1332(A)(1).  Here, as no viable Defendants are citizens of the same State as the Plaintiff, complete diversity of citizenship exists.  28 U.S.C. § 1332, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

4.      Plaintiff is a citizen of the State of Montana.  *See* Complaint ¶ 1.

5.      BNSF, as a corporation, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(c)(1).  BNSF is incorporated under the laws of

NOTICE OF REMOVAL
PAGE - 2

KNIGHT NICASTRO, LLC
401 NORTH 31ST STREET, SUITE 770
BILLINGS, MT 59101
(406) 702-1935

Delaware and its principle place of business is in Texas. *See* Complaint ¶ 2. As such, BNSF is a citizen of Delaware and Texas.

6.      None of the additional viable Defendants are citizens of Montana.

>   a.      *John Swing, former BNSF employee, is a resident of Lincoln County, Montana.* (Complaint ¶ 3).
>
>   b.      *Defendant Robinson Insulation Company is a defunct Montana business corporation that was incorporated in Montana.* (Complaint ¶ 4).

7.      Removal in this case is proper as there is complete diversity between Plaintiff and each valid Defendant. *See, McCabe v. General Foods Corp,* 811 F. 2d 1336, 1339 (9th Cir. 1987), *McCarthy v. NorthWestern Corp.,* 2009 U.S. Dist. LEXIS 132304 (D. Mont. 2009). The only named Montana Defendants include Robinson Insulation Company ("Robinson Insulation"), and John Swing, a former BNSF employee being sued strictly for actions taken while employed and on behalf of BNSF. Plaintiff cannot state a viable claim against either, therefore neither can defeat diversity in this case.

**(i)      PLAINTIFF FRAUDULENTLY JOINED JOHN SWING TO AVOID REMOVAL, AND NO VIABLE CLAIM LIES AGAINST JOHN SWING.**

8.      Plaintiff named former BNSF employee, John Swing, as a Defendant in this case. However, Plaintiff does not allege any specific claims against Mr. Swing, nor does Plaintiff specifically allege that an action taken by Mr. Swing gives rise to liability. In reviewing the facts of this case, and Mr.

NOTICE OF REMOVAL
PAGE - 3

KNIGHT NICASTRO, LLC
401 NORTH 31ST STREET, SUITE 770
BILLINGS, MT 59101
(406) 702-1935

Swing's alleged involvement, it is clear that Mr. Swing was fraudulently joined in this matter. His residence in Montana, therefore, cannot defeat diversity.

9.    When a plaintiff fails to state a cause of action against a resident defendant, and the failure is clear according to the settled rules of the state, the joinder of that resident defendant is fraudulent. *McCabe,* 811 F. 3d at 1339. When determining whether a party is fraudulently joined, the court should employ the same analysis applicable to a 12(b)(6) motion to dismiss. *McCarthy,* 2009 U.S. Dist. LEXIS 132304 at *4. In determining whether there has been a fraudulent joinder, the court may look beyond the pleadings and consider affidavits, and deposition testimony. *Id.*

10.    Under Montana law, a corporation's employees and agents are not personally liable for acts taken on behalf of the corporation during their employ. *Sherner v. National Loss Control Services Corp.,* 2005 MT 247, 124 P. 3d 150, 155 (Mont. 2005), *McCarthy,* 2009 U.S. Dist. LEXIS 132304 at *6. To hold an employee personally liable, the court must find that the employee was *personally* negligent, and his actions tortious in nature. *Id.*

11.    Plaintiff has not, and cannot, make such a showing. At all times relevant to this Complaint, John Swing was acting in the course and scope of his employment on behalf of BNSF. He had no personal involvement in the decision to transport vermiculite concentrate, or the shipping methods utilized.

**NOTICE OF REMOVAL**
PAGE - 4

**KNIGHT NICASTRO, LLC**
401 NORTH 31ST STREET, SUITE 770
BILLINGS, MT 59101
(406) 702-1935

Rather, Mr. Swing worked as a ticket seller, and supervisor of clerical employees handling paperwork.[1]  His activities were limited to the preparation of paperwork.[2]  Plaintiff has not alleged that Mr. Swing was negligent in the performance of his duties, or that his actions were, in their own right, tortious. As such, Plaintiff cannot satisfy the burden of proving a viable claim lies against Mr. Swing.[3]

12.    Based on the allegations raised in Plaintiff's Complaint, it is clear that Mr. Swing was joined in this suit solely for the purpose of attempting to defeat diversity, and that he is a sham Defendant. Plaintiff has not alleged any specific duty owed to him by Mr. Swing, or facts indicating Mr. Swing breached that duty. *See McCabe,* 811 F. 2d at 1339 (finding joinder of resident employee defendants did not defeat diversity when plaintiff did not establish the employees acted on their own initiative, or were motived by ill will). Accordingly, Plaintiff has not stated a viable claim against Mr. Swing, and Mr. Swing's joinder in this case should be ignored for purposes of the diversity analysis.

---

[1] *See,* Excerpts of Deposition of John Swing taken in *Richard A. Hawk v. BNSF,* Cause No. 2014 – 52886, at pg. 16:4 – 18:11, attached as **Exhibit H**.
[2] *Id.*

**KNIGHT NICASTRO, LLC**
401 NORTH 31ST STREET, SUITE 770
BILLINGS, MT 59101
(406) 702-1935

**(ii)** **PLAINTIFF FRAUDULENTLY JOINED ROBINSON INSULATION TO AVOID REMOVAL, AND NO VIABLE CLAIM LIES AGAINST ROBINSON INSULATION.**

13.     Robinson Insulation is a now defunct Montana corporation that was dissolved in 1989. **Exhibit G**.  MCA § 35-1-937 provides that a plaintiff may enforce a claim against a dissolved corporation, to the extent of the undistributed assets; or if the assets have been distributed in liquidation, against a shareholder of the dissolved corporation to the extent of the shareholder's pro rata share of the claim or the corporate assets distributed to the shareholder in liquidation, whichever is less, but a shareholder's total liability for all claims under this section may not exceed the total amount of assets distributed to the shareholder.

14.     Here, Plaintiff has not alleged that Robinson Insulation has any remaining undistributed assets, nor has she alleged Robinson Insulation has any remaining live shareholders from which to recover. Accordingly, recovery from Robinson Insulation is impossible and Plaintiffs' joinder of Robinson Insulation in this matter is fraudulent. *See* 35-1-937, MCA.  Additionally, as Robinson Insulation is defunct and has no living shareholders, service upon Robinson Insulation within three-years of filing his Complaint, as required by Title 25, Ch. 20, Rule 4 (t)(1), MCA, is impossible.

15.    Accordingly, Plaintiff may no longer proceed in any claims alleged against Robinson Insulation, and naming Robinson Insulation in this case has no impact on the diversity analysis.

16.    As no viable Defendants are citizens of the same State as the Plaintiff[4], there is complete diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.

**B.    The Amount-In-Controversy Requirement is Satisfied:**

17.    A notice of removal may be filed within thirty days after receipt by the defendant of a writing from which it may be first ascertained that the case is one which is or has become removable.  28 U.S.C. § 1446(b)(3).  This Notice of Removal is being filed within thirty days of when BNSF ascertained that the amount in controversy is greater than $75,000.

18.    Pursuant to Mont. Code Ann § 25-4-311, plaintiffs may not state the amount of relief sought in an original claim.   Where the plaintiffs do not request a specific amount of damages, the defendant seeking removal bears the burden of proof to establish by preponderance of the evidence that the amount in controversy exceeds the statutory requirement of $75,000.  *Rodriguez v. AT&T Mobility Services, LLC*, 728 F.3d 975, 977 (9th Cir. 2013).

---

[4] While Plaintiff names "Does A-Z" as Co-Defendants, pursuant to 28 U.S.C. §1441(b)(1), " In determining whether a civil action is removable on the basis of the jurisdiction under §1332(a), the citizenship of defendants sued under fictitious names shall be disregarded."  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61(1980). Accordingly, Plaintiff's inclusion of "Does A-Z" has no impact on the diversity analysis.

KNIGHT NICASTRO, LLC
401 NORTH 31ST STREET, SUITE 770
BILLINGS, MT 59101
(406) 702-1935

19.    To establish the amount in controversy, Plaintiff was served with Defendant BNSF's Request for Statement of Damages on August 7, 2017, wherein BNSF requested Plaintiff set forth the nature and the amount of damages being sought pursuant to Mont. Code Ann § 25-4-312. A true and correct copy of Defendant BNSF's Request for Statement of Damages ("the Request") is attached as **Exhibit C**.  Plaintiff served a Response to the Request on August 25, 2017, admitting that the amount in controversy exceeds the $75,000 threshold.  A true and correct copy of Plaintiff's Response to Defendant BNSF's Request for Statement of Damages ("the Response") is attached as **Exhibit E**.  Plaintiff explained in the Response that the figure provided as the amount of damages being sought reflected as follows:  for special damages in the form of medical expenses, in excess of $397,600. Plaintiff asserts general damages between $700,000 and $2,000,000.

20.    In addition to the Plaintiff's Response, courts may consider the facts presented in the removal petition.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  Here, Plaintiff is alleging asbestos related injuries and seeks damages for a) lost enjoyment of established course of life, b) loss of services which can no longer be performed, c) loss of earnings and/or earning capacity, d) physical, mental and emotional pain and suffering, e) medical expenses, rehabilitation expenses and related expenses, f) loss of insurability

NOTICE OF REMOVAL
PAGE - 8

KNIGHT NICASTRO, LLC
401 NORTH 31ST STREET, SUITE 770
BILLINGS, MT 59101
(406) 702-1935

for medical coverage, g) loss of care, comfort, society and support, and h) great

grief and sorrow (Complaint ¶ 48, a-h).

**C.   All Other Requirements Have Been Complied With:**

21.   Pursuant to 28 U.S.C. § 1446(d), BNSF has given written notice of

the Notice of Removal to the adverse party and has filed a copy of the Notice

with the clerk of the Montana Eighth Judicial District, Cascade County. A true

and correct copy of Defendant BNSF's Notice of Filing of Notice of Removal

is attached as **Exhibit F**.

22.   Pursuant to 28 U.S.C. § 1446(a), a copy of the following process,

pleadings, and orders that were served upon the Defendant or filed in the state

court action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Plaintiff's Complaint and Demand for Jury Trial; |
| **Exhibit B** | Entry of Appearance for Defendant BNSF; |
| **Exhibit C** | Defendant BNSF's Request for Statement of Damages pursuant to 25-4-312, MCA; |
| **Exhibit D** | Plaintiff's Motion for Scheduling Conference; |
| **Exhibit E** | Plaintiff's Response to the Request for Statement of Damages; and |
| **Exhibit F** | Defendant BNSF's Notice of Filing of Notice of Removal. |

23.   The instant action is being removed to the district court of the

United States for the district and division embracing the place where such action

is pending.  28 U.S.C. 1441(a).

1    DATED this 29th day of August, 2017.

2                                    Respectfully Submitted,

3                                    **KNIGHT NICASTRO, LLC**

4
                         By:    /s/ Anthony M. Nicastro
5                                    Chad M. Knight
6                                    Anthony M. Nicastro
                                     Steven T. Williams
7                                    KNIGHT NICASTRO, LLC
8                                    401 North 31st Street, Suite 770
                                     Billings, MT 59101
9                                    **ATTORNEYS FOR DEFENDANTS**
10                                   **BNSF RAILWAY COMPANY**
                                     **AND JOHN SWING**
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
KNIGHT NICASTRO, LLC
                                                   401 NORTH 31ST STREET, SUITE 770
                                                   BILLINGS, MT 59101
                                                   (406) 702-1935

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2017, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following:

> Roger Sullivan, Esq.
> Allan McGarvey, Esq.
> John F. Lacey, Esq.
> McGarvey, Heberling, Sullivan & Lacey, P.C.
> 345 First Avenue East
> Kalispell, MT 59901

**KNIGHT NICASTRO, LLC**

By:    /s/ Anthony M. Nicastro
         Anthony M. Nicastro
**ATTORNEYS FOR DEFENDANTS
BNSF RAILWAY COMPANY
AND JOHN SWING**

KNIGHT NICASTRO, LLC
401 NORTH 31ST STREET, SUITE 770
BILLINGS, MT 59101
(406) 702-1935